UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHERRI WATSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. GISH, M.D.; CALIFORNIA PACIFIC MEDICAL CENTER; NOVARTIS PHARMACEUTICALS CORPORATION, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No: C 10-03770 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket 24 |

Plaintiff Sherri Watson filed the instant personal injury action against Robert G. Gish, M.D. ("Dr. Gish"), California Pacific Medical Center ("CPMC") and Novartis Pharmaceuticals Corporation ("Novartis") in San Francisco County Superior Court. Defendant Novartis removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, claiming that Dr. Gish and CPMC (collectively "Healthcare Defendants"), both of which are forum residents, were fraudulently joined. The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 24. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

Novartis is the manufacturer of a prescription drug known as Zometa. Compl. ¶ 10, Dkt. 1. In September 2004 and May 2005, Novartis sent warnings to physicians, notifying them that use of Zometa could result in osteonecrosis. Id. ¶ 15. Plaintiff was prescribed the Zometa by Dr. Gish at CPMC. Id. ¶ 16. As a result of her use of Zometa, Plaintiff

developed osteonecrosis of the jaw. Id. ¶ 17. Plaintiff and the Healthcare Defendants are California residents. Id. ¶¶ 8-9.

On April 29, 2010, Plaintiff filed a Complaint against Novartis and the Healthcare Defendants alleging six state law causes of action for: (1) strict products liability – design defect; (2) strict products liability – failure to warn; (3) negligence; (4) breach of express warranty; (5) breach of implied warranty; and (6) malpractice. On August 26, 2010, Novartis removed the action, claiming that there is complete diversity between Plaintiff, a citizen of California, and Novartis, a citizen of New Jersey and Delaware. Novartis alleges that the Healthcare Defendants were fraudulently joined, and therefore, their citizenship is not relevant for jurisdictional purposes.[1]

Following removal, Novartis notified the Judicial Panel on Multidistrict Litigation ("MDL Panel") of this case as a potential tag-along action to In re: Aredia and Zometa Prods. Liability Litig., MDL No. 1760, which is pending in the Middle District of Tennessee. On September 9, 2010, the MDL Panel issued a Conditional Transfer Order, which transferred Plaintiff's claims to the MDL action, but "separated and simultaneously remanded" the claims alleged against the Healthcare Defendants to this Court. Dkt. 6. Meanwhile, in the MDL proceedings, Plaintiff moved to have the remainder of the action remanded to this Court to resolve questions relating to the existence of removal jurisdiction. Over Novartis' objection, MDL Magistrate Judge Joe Brown issued a report and recommendation to remand the action. On January 4, 2011, MDL District Judge Todd Campbell adopted and approved the report and recommendation. Thus, on January 19, 2011, the MDL Panel issued a Conditional Remand Order, which returned the action to this Court. Dkt. 21.

---

[1] The Health Care Defendants did not join in the removal and have not yet appeared in this action. Although the removing party generally must obtain the consent of all defendants to effect the removal, 28 U.S.C. § 1446(b), there is a judicially-created exception to this requirement as to fraudulently joined parties. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). The parties have indicated, however, that the Healthcare Defendants have not taken a position on whether the action should be remanded.

Plaintiff now moves to remand the action to state court. Dkt. 24. Novartis opposes the motion to remand. Dkt. 25. Though acknowledging the lack of diversity between Plaintiff, on the one hand, and the Healthcare Defendants on the other, Novartis alleges that these parties were fraudulently joined and procedurally misjoined under Federal Rule of Civil Procedure 20. Notice of Removal ¶¶ 12-13; Def.'s Opp'n at 5-11. The matter is fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the propriety of the removal favor remanding a case. See Gaus, 980 F.2d at 566.

## III. DISCUSSION

### A. FRAUDULENT JOINDER

Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citations and internal quotations omitted). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting in part McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one. Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).

In the instant case, Novartis contends that Plaintiff has not alleged a viable malpractice claim against the Healthcare Defendants. Specifically, Novartis argues that "[a]n off label use allegation does not provide a basis for a medical malpractice claims because a drug can be prescribed non-negligently for off label indications." Def.'s Opp'n at 10 (citing Compl. ¶ 52). The flaw in this contention is that Plaintiff's malpractice claim is not limited to the act of prescribing medication for off label use. Rather, the Complaint also alleges that despite Novartis' warnings to physicians regarding the risk of osteonecrosis resulting from the use of Zometa, the Healthcare Defendants nonetheless prescribed and administered the medication to Plaintiff, who then suffered osteonecrosis as a result. Compl. ¶¶ 15-16. Dr. Gish's decision to prescribe Zometa, notwithstanding his alleged awareness of its dangers, potentially could give rise to a claim for medical negligence. See Crone v. Pfizer, Inc., No. C-04-02552 MJJ, 2004 WL 1946386, at *5 (N.D. Cal. Sept. 1, 2004) (finding that physician was not fraudulently joined in suit against pharmaceutical company where the pleadings alleged that he prescribed medication for off label use despite his awareness that such medication was "risky").

Novartis next argues that Plaintiff's malpractice claim is too vague and conclusory to state a claim under Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), a decision which

1  sets forth the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure.
2  However, the Ninth Circuit's standard for fraudulent joinder looks to whether the plaintiff's
3  failure to state a claim "is obvious according to the settled rules *of the state*...." McCabe,
4  811 F.2d at 1339 (emphasis added). Rule 8 is a federal, not a state, pleading rule. See
5  Tofighbakhsh v. Wells Fargo & Co., No. 10-830 SC, 2010 WL 2486412, at *3 (N.D. Cal.
6  June 16, 2010) (rejecting contention that Twombly pleading standard is germane to
7  fraudulent joinder analysis) (Conti, J.); see also Moorhouse v. Bayer Healthcare Pharms.,
8  Inc., No. 08-01831 SBA, 2008 WL 2477389, at *3 (N.D. Cal. June 18, 2008) (noting that
9  none of the cases cited by defendants "adopts the Twombly standard for purposes of
10 determining fraudulent joinder") (Armstrong, J). Notably, in a relatively recent post-
11 Twombly decision, the Ninth Circuit adhered to the McCabe standard of fraudulent joinder
12 *without* making any reference to Twombly. See Hunter, 236 F.3d at 1067. In sum, the
13 Court finds that Novartis has not satisfied its heavy burden of establishing that the
14 Healthcare Defendants were fraudulently joined.

15    **B.    PROCEDURAL MISJOINDER**

16     Alternatively, Novartis contends that the Healthcare Defendants' citizenship may be
17 disregarded for purposes of removal under a species of fraudulent joinder referred to as
18 "procedural misjoinder." Def.'s Opp'n at 5. The doctrine of procedural misjoinder
19 originated with the Eleventh Circuit's decision in Tapscott v. MS Dealer Serv. Corp.,
20 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot,
21 Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Tapscott held that the fraudulent joinder
22 exception applies "where a diverse defendant is joined with a nondiverse defendant as to
23 whom there is no joint, several or alternative liability and where the claim against the

diverse defendant has no real connection to the claim against the nondiverse defendant." Id.[2]

Neither the Ninth Circuit nor any other federal circuit has adopted Tapscott. See Thakor v. Burlington Ins. Co., No. C 09-1465 SBA, 2009 WL 1974511, at *4 (N.D. Cal. July 8, 2009) ("The Ninth Circuit has not adopted Tapscott.") (N.D. Cal. July 08, 2009) (Armstrong, J.); Brazina v. The Paul Revere Life Ins. Co., 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ("The Ninth Circuit has not found occasion to address Tapscott, and no other circuit has adopted its rationale.") (Patel, J.). That notwithstanding, Tapscott is inapposite based on the facts alleged herein. In Tapscott, plaintiffs attempted to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants where there was "no real connection" between the two groups. On appeal, the Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, stating that because the two sets of defendants were unrelated, the plaintiffs' "attempt to join these parties [was] so egregious as to constitute fraudulent joinder." Id. at 1360.

Tapscott is readily distinguishable from the instant action. Unlike Tapscott, the instant case does not involve two distinct classes that have "no real connection" to each other. To the contrary, there is only one plaintiff whose claims arise from adverse reactions she suffered allegedly as a result the Healthcare Defendants' administration of a medication produced by fellow defendant Novartis. Though there may be some factual and legal issues that may bear uniquely upon each Defendant's liability, it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in Tapscott. In addition, the joinder of defendants in Tapscott was accomplished solely through Rule 20,

---

[2] Under Federal Rule of Civil Procedure 20(a)(2), defendants may be joined in a single action where any claim for relief "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

which was significant "because it provided the district court the basis for considering the plaintiff's motives for joinder, concluding that there had been 'improper and fraudulent joinder, bordering on a sham.'" Thakor, 2009 WL 1974511 at *4 (quoting in part Tapscott, 77 F.3d at 1360). Here, the Plaintiff sued all the Defendants in the original Complaint and did not attempt to join any of them under Rule 20. Accordingly, the Court finds that the Tapscott exception to complete diversity has no application here.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is GRANTED. The instant action is REMANDED to the Superior Court of California, County of San Francisco. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: May 31, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge